UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 1:15-CR-00540 |
| § | |
| JOHN ANTHONY MORADO § | |

## ORDER AND OPINION

Defendant John Anthony Morado requests that the Court reduce his sentence and order his release due to his underlying medical conditions and the dangers that COVID-19 poses to his health. (Motion, Doc. 111) Based on its review of the record and the applicable law, the Court concludes that Morado has not demonstrated that extraordinary and compelling reasons support a reduction of his sentence.

### I

In 2018, the Court amended Morado's initial sentence to 168 months in prison and 5 years of supervised release after he pled guilty to the crime of Possession With Intent to Distribute a Quantity More Than 50 Grams, that is, Approximately 22.62 Kilograms of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. (Amended Judgment, Doc. 90, 1–3)

Morado is currently serving his sentence at the Federal Correctional Institution Petersburg—Low in Petersburg, Virginia.[1] (Supplement, Doc. 112, 2)

### II

The First Step Act permits defendants to present a request for a reduction of sentence directly to the courts under 18 U.S.C. § 3582(c)(1). The statute contains specific requirements for submitting direct petitions. The defendant must either first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

---

[1] The Court takes judicial notice that the BOP has reported one currently active case of COVID-19 among inmates and staff at the facility, and zero deaths. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated November 13, 2020).

defendant's behalf," or wait for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* at § 3582(c)(1)(A). In the latter scenario, the defendant need not exhaust available administrative remedies.

Morado has met the requirements of Section 3582(c)(1)(A). In his Motion, he notes that he "submitted a request to Warden J. Andrews at FCC Petersburg, requesting that the Director of the Bureau of Prison bring a motion for Compassionate Release on his behalf. To date, the Warden has not granted the request." (Motion, Doc. 111, 6) The record does not make clear whether Morado exhausted any administrative remedies, but as more than thirty days have lapsed since he submitted the request, he has satisfied the threshold requirements of Section 3582(c)(1)(A).

### III

A court may reduce a defendant's sentence based on the factors set forth in 18 U.S.C. § 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i). In relevant part, the policy statement provides that extraordinary and compelling reasons for early release exist when:

(a) the defendant is suffering from a terminal illness or other serious physical, medical, functional, or cognitive condition "that substantially diminishes [her] ability . . . to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover";

(b) the defendant is at least 65 years old and "experiencing a serious deterioration in physical or mental health because of the aging process" and has "served at least 10 years or 75 percent of [her] term of imprisonment, whichever is less"; or

(c) another reason "[a]s determined by the Director of the Bureau of Prisons".

U.S. SENTENCING GUIDELINES, § 1B1.13(1)(A) & cmt. n.1. The defendant also must not pose a danger to the safety of the community. *Id.* at § 1B1.13(2).

In support of his request, Morado describes an outbreak of COVID-19 at the facility, notes that mask wearing is low among inmates and staff, says that social distancing is

2 / 3

impossible, and states that the inmates must share computers and phones without adequate supplies to sanitize between users. (Supplement, Doc. 112, 1; Motion, Doc. 111, 4–5) He also argues that the Centers for Disease Control and Prevention has identified an increased risk of the more serious symptom of COVID-19 among individuals with underlying conditions like his— i.e., hypertension, diabetes, and high cholesterol. (Motion, Doc. 111, 3)

The Court finds that Morado has not demonstrated that extraordinary and compelling reasons warrant reducing his sentence. He acknowledges that he has served only about 35% of his prison sentence. (Motion, Doc. 112, 1) He is fifty-three years old and emphasizes that he suffers from hypertension and is obese. (Final Presentence Investigation Report, Doc. 31, 2; Motion, Doc. 111, 3) But he does not provide documentation indicating the severity of his medical conditions, and his 2016 Presentence Investigation Report does not note any serious health conditions. (Doc. 31) Furthermore, the Court concludes that Morado's criminal history indicates that he represents a continued risk of harm to the public. (*Id.* at 7–11) Based on the record before the Court concerning his health and criminal history, the Court concludes that the fact that COVID-19 is present in the correctional facility in which he is serving his sentence does not in itself demonstrate the extraordinary and compelling reasons that warrant a reduction of his sentence. As a result, Morado has not demonstrated that the factors governing requests under Section 3582(c)(1) weigh in favor of the relief he seeks.

Accordingly, it is:

**ORDERED** that Defendant John Anthony Morado's Motion for Compassionate Release (Doc. 111) is **DENIED**.

SIGNED this 16th day of November, 2020.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge